BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

In re LTV Corp. Securities Litigation )   Docket No. 371

OPINION AND ORDER

BEFORE MURRAY I. GURFEIN, CHAIRMAN, AND EDWIN A. ROBSON, STANLEY A. WEIGEL*, ANDREW A. CAFFREY, ROY W. HARPER, AND CHARLES R. WEINER, JUDGES OF THE PANEL.

PER CURIAM

This litigation consists of seven actions pending in five federal districts -- two in the Northern District of Texas, two in the Eastern District of New York, and one each in the Southern District of Ohio, the Southern District of Florida, and the Northern District of Illinois.

On October 16, 1978, the Securities and Exchange Commission (SEC) filed a civil enforcement action (SEC action) under the federal securities laws in the Northern District of Texas against LTV Corporation; Jones and Laughlin Steel Corporation (J & L), a subsidiary of LTV; and an individual who is a vice-president of LTV and a former vice-president of J & L. The complaint in the SEC action alleged that the results of operations of LTV and J & L for the years 1975 and 1976 were materially misstated because of misapplications by J & L of its "last-in, first-out" (LIFO) method of accounting for inventories. The SEC alleged that these misrepresentations were incorporated into reports

---

* Judge Weigel did not participate in the decision of this matter.

filed by LTV and J & L with the SEC and into materials distributed by LTV and J & L to shareholders and to the investing public. In particular, the SEC alleged that the misrepresentations were incorporated into the prospectuses for four specific offerings of LTV or J & L securities.

On the same date that the SEC action was filed, the SEC and the three defendants entered into a consent judgment pursuant to which the defendants, inter alia, were permanently enjoined from further violations of the federal securities laws; were required to effect any necessary restatements of inventory and earnings for prior years, and in the future to report inventory and earnings in accordance with generally accepted LIFO accounting practices; and were required to appoint a special officer and establish an audit committee to investigate the practices complained of by the SEC, and to recommend appropriate changes in accounting practices.

The complaints in five of the actions before the Panel (Kent in Texas, the Ohio action, the Florida action, the Illinois action, and the later-filed New York action (second New York action)), each of which is brought under, inter alia, the federal securities laws, call into question, among other alleged irregularities, essentially the same practices by LTV and J & L that were complained of in the SEC action. LTV, J & L, and the accountants for LTV and J & L are named as defendants in each of these actions. In addition, twelve officers and/or directors of LTV are named as defendants in four of these actions (Kent in Texas, the Ohio

action, the Florida action and the Illinois action), and 120 brokers and underwriters that participated in offerings of LTV securities are named as defendants in the <u>Kent</u> action in Texas. Plaintiffs in these five actions are purchasers of LTV securities. Each of these actions is brought as a class action on behalf of all open market purchasers of LTV securities from 1975 to 1978 and/or on behalf of purchasers of one or more of the specific offerings of LTV securities mentioned in the SEC complaint.

The complaint in the sixth action (<u>Bronheim</u> in Texas) contains general allegations of misstatements of facts and omissions of material information relating to the inventories of J & L in LTV corporate reports and prospectuses, and is brought under, inter alia, the federal securities laws. Defendants are LTV, LTV's accountants, and 22 individual officers and/or directors of LTV (including the twelve individuals named in four of the other actions before the Panel). Plaintiff is a purchaser of LTV securities, and this action is brought as a class action on behalf of all purchasers of LTV securities from 1975 to 1978.

The seventh action, the first New York action, has been brought against LTV by a purchaser of one of the specific offerings of LTV securities mentioned in the SEC complaint. A class of all purchasers of this offering has been certified and class notice has been distributed. The complaint in the first New York action, which was filed prior to the filing of the SEC action, alleges that the prospectus for this offering contained misrepresentations and omitted material facts in violation of the federal

securities laws. Specifically, the complaint alleges, the prospectus failed to disclose that after the sale of this offering LTV planned to divest itself of numerous subsidiaries owned and controlled by LTV, at a net loss to LTV of approximately $45 million. On November 16, 1978, plaintiff in the first New York action moved for leave to file an amended complaint, which contains additional allegations closely tracking the allegations in the SEC complaint. The class for which representation is sought in the proposed amended complaint would remain the same as the class already certified. Ruling on the motion for leave to file the amended complaint has been deferred pending the Panel's decision on the question of transfer in this docket.

LTV, J & L, their accountants, and the 22 individual defendants move the Panel, pursuant to 28 U.S.C. §1407, for transfer of the five actions pending in districts other than the Northern District of Texas to that district for coordinated or consolidated pretrial proceedings with the actions pending there. Plaintiffs in the two Texas actions, plaintiff in the Florida action and plaintiff in the Ohio action support this motion. Plaintiff in the two New York actions (the same individual is plaintiff in both actions) opposes transfer of the two New York actions. In the alternative, if transfer is ordered, this plaintiff favors selection of the Eastern District of New York as the transferee forum.

We find that these seven actions involve common questions of fact and that their centralization under Section 1407 in the

Northern District of Texas for coordinated or consolidated pretrial proceedings will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Plaintiff in the New York actions asserts, in opposition to transfer of the New York actions, that the present complaint and the proposed amended complaint in the first New York action involve substantial unique claims **relating to the alleged failure** of LTV to disclose in the prospectus for a specific securities offering that LTV intended to divest itself of numerous subsidiaries at a substantial loss to LTV. A class has already been certified in that action, the class notice has been distributed, and substantial discovery has occurred on these claims, opponent stresses. Therefore, opponent maintains, the first New York action is inappropriate for inclusion in coordinated or consolidated pretrial proceedings with any of the other actions presently before the Panel.

With respect to the second New York action, opponent admits that the complaint in this action and the complaints in the actions before the Panel that are pending in other districts raise common factual questions. Opponent argues, however, that if the first New York action is excluded from transfer, the second New York action should also be excluded from transfer in order to allow coordinated or consolidated pretrial proceedings in the Eastern District of New York between the two New York actions.

We find these arguments unpersuasive. As all responding parties recognize, the five actions pending in districts other than the Southern District of New York and the second New York action involve substantial common questions of fact concerning J & L's inventory accounting methods during the years in question and the effect of those inventory accounting methods on the accuracy of the corporate reports and prospectuses issued by LTV and/or J & L. Though the present complaint in the first New York action alleges specific deficiencies in the prospectus for the offering of LTV securities of which plaintiff was a purchaser that are different from the specific deficiencies alleged in the complaints in the other actions before the Panel, the complaints in several of the other actions also include generalized allegations of irregularities during the same time period in the corporate reports and prospectuses issued by LTV and/or J & L. These generalized allegations necessarily encompass the specific irregularities alleged in the complaint in the first New York action. Therefore, the first New York action and several **of the other actions before the Panel share common factual questions as well.** Transfer under Section 1407 is thus necessary to prevent duplicative discovery efforts and eliminate the possibility of inconsistent pretrial rulings. See In re Commonwealth Oil/Tesoro Petroleum Securities Litigation, 458 F. Supp. 225, 229 (J.P.M.L. 1978). An additional justification for transfer is the fact that several of the actions

before the Panel, including the first New York action, have been brought on behalf of similar or overlapping classes of purchasers of LTV securities. It is desirable to have a single judge oversee the class action issues in all these actions to avoid duplicative efforts and inconsistent rulings in this area. See In re First National Bank, Heavener, Oklahoma (First Mortgage Revenue Bonds) Securities Litigation, 451 F. Supp. 995, 997 (J.P.M.L. 1978).

The transferee judge, of course, has the broad discretion to design a pretrial program that will allow discovery on any issues unique to any action or party to proceed concurrently with the common discovery. See In re Republic National-Realty Equities Securities Litigation, 382 F. Supp. 1403, 1405-06 (J.P.M.L. 1974). And no party need participate in pretrial proceedings unrelated to that party's interests. See, e.g., Parts I and II, §§ 2.31, Manual for Complex Litigation (rev. ed. 1977).

The Northern District of Texas is clearly the most appropriate transferee district for this litigation. LTV is headquartered within that district and therefore the relevant files of LTV and the relevant officers, directors and employees of LTV are located there. See In re Vernitron Securities Litigation, 462 F. Supp. 391, 394 (J.P.M.L. 1978). In addition, **we note that movants and all responding parties before the Panel, except the plaintiff in the New York action, favor the Northern District of Texas as the transferee forum.**

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the following Schedule A and pending in districts other than the Northern District of Texas be, and the same hereby are, transferred to the Northern District of Texas and, with the consent of that court, assigned to the Honorable Patrick E. Higginbotham for coordinated or consolidated pretrial proceedings with the actions already pending there and listed on Schedule A.

DOCKEET NO. 371
Schedule A

| SOUTHERN DISTRICT OF FLORIDA | Civil Action No. |
|---|---|
| William G. Reynolds, etc. v. The LTV Corp., et al. | 79-401-Civ-JAG |
| **NORTHERN DISTRICT OF ILLINOIS** | |
| Marhart, Inc., etc. v. The LTV Corp., et al. | 78C-4853 |
| **EASTERN DISTRICT OF NEW YORK** | |
| Abraham Fruchthandler v. LTV Corp., | 77-C-1879 |
| Abraham Fruchthandler v. LTV Corp., et al. | 78-C-2457 |
| **SOUTHERN DISTRICT OF OHIO** | |
| Model Associates, Inc. v. LTV Corp., et al. | C-1-78-742 |
| **NORTHERN DISTRICT OF TEXAS** | |
| Bert Bronheim v. LTV Corp., et al. | 3-78-0937-C |
| Gladys L. Kent v. LTV Corp., et al. | 3-78-1347-F |